UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RITA WETZLER,<br><br>     Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>     Defendant. | CASE NO. 2:15-CV-01074-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br>ON PLAINTIFF'S COMPLAINT AND<br>MOTION TO AMEND THE RECORD<br><br>Noting Date: July 29, 2016 |

   The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff seeks judicial review of the Defendant's reduction of the amount of Plaintiff's Supplemental Security Income ("SSI") benefits.

   After reviewing the record, the Court concludes the administrative record is incomplete and thus prevents the Court from performing meaningful judicial review. Therefore, the undersigned recommends the entry of an order reversing and remanding the ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings.

1                            **PROCEDURAL& FACTUAL HISTORY**

2          Plaintiff is a 63 year old who began receiving SSI benefits in 1984. *See* Dkt. 21,

3   Administrative Record ("AR") 12.  The medical basis for her disability is not at issue. At issue is

4   whether her SSI benefits have been improperly reduced since March, 2009 because she had

5   excess resources.[1] The Social Security Administration ("SSA") has held three hearings before

6   Administrative Law Judges ("ALJ") who rendered three written decisions on the issue of

7   Plaintiff's excess resources since 2009.  Presently before the Court is Plaintiff's appeal of the

8   third ALJ decision, rendered by ALJ M.J. Adams.

9          The SSA's review of Plaintiff's SSI benefits began in March, 2009, when the SSA

10  terminated Plaintiff's SSI benefits and assessed an overpayment charge against Plaintiff for

11  payments made between July 2008 and February 2009. AR 18.[2] The SSA terminated Plaintiff's

12  benefits because it found Plaintiff had excess resources during this period. *See* AR 18. ALJ

13  Dilley held a hearing on this issue, and rendered the first of three written decisions on January

14  26, 2011. AR 18, 203. ALJ Dilley's decision was not included in the certified transcript of the

15  administrative record filed with the Court.  *See* Dkt. 41 (Plaintiff's Motion to Amend the

16  Administrative record to include ALJ Dilley's decision).  Although the Court cannot review ALJ

17  Dilley's decision directly, subsequent ALJ decisions indicate ALJ Dilley decided in Plaintiff's

18  _____

19          [1] If a SSI recipient has resources in excess of $2,000.00 dollars, the recipient is no longer
    eligible to receive SSI. 20 C.F.R. § 416.1201. In order to assess whether a claimant or recipient
20  of SSI has excess resources, the administration must consider whether the applicant possesses
    any of the defined non-monetary excess resources. One of these defined resources is the
21  provision of In-kind Support and Maintenance ("ISM") by a third party. ISM is "any food or
    shelter that is given to [a claimant] or that [a claimant] receive[s] because someone else pays for
22  it." 20 C.F.R. § 416.1130. This includes the provision of room, rent, mortgage payments, real
    property taxes, heating fuel, gas, electricity, water, sewerage, and garbage collection services. *Id.*
23          [2] Plaintiff alleges ALJ Mary Gallagher Dilley addressed several excess resources
    rationales in her decision, including whether Plaintiff's patent had any value, and whether her
24  financial relationship with Mr. Blair constituted a *bona fide* loan. *See* Dkt. 29, p. 4.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT AND MOTION TO
AMEND THE RECORD - 2

1  favor. *See* AR 12, 18, 203; *see also* Dkt. 37, pg. 2 (deferring to the ALJ's characterization of the

2  procedural history).

3       Shortly thereafter, the SSA determined Plaintiff was not eligible for SSI from March

4  2009 through May 2011 due to excess resources; specifically, the SSA had determined Plaintiff

5  owned a patent worth more than $2,000.00. AR 12, 18-19. ALJ Gordon Griggs reviewed this

6  finding without a hearing and rendered the second of the three written ALJ decisions on May 19,

7  2012.  *See* AR 18; *see also* Dkt. 29, pg. 3. Unlike ALJ Dilley's decision, ALJ Griggs' decision is

8  included in the administrative record. *See* AR 18. ALJ Griggs found Plaintiff's patent had no

9  value, Plaintiff had not received excess resources, and was eligible for SSI benefits from March

10  2009 through the date of his decision, May 19, 2012. AR 20. However, ALJ Griggs indicated he

11  did "not address any other potential basis related to the claimant's eligibility or ineligibility for

12  SSI benefits from March 2009 through the date of this decision." AR 20.

13       After ALJ Griggs' decision, the SSA awarded Plaintiff SSI benefits, but on a reduced

14  basis. *See* AR 12, 49; *see also* AR 56. The SSA reduced Plaintiff's SSI award because it

15  determined Plaintiff was receiving resources in the form of ISM from a friend, Jim Blair.[3] *Id*. On

16  August 13, 2013, ALJ Adams held a hearing on the issue of whether Plaintiff had been and

17  continued to be underpaid since March 2009. *Id*. At the hearing, Plaintiff contested the

18  administration's characterization of her financial arrangement with Mr. Blair, and argued she had

19  a *bona fide* loan agreement with Mr. Blair. On August 29, 2013, ALJ Adams found the SSA's

20

21  ────────────────

22     [3] Plaintiff and Mr. Blair entered into a loan agreement on July 10, 2009—after Plaintiff
was no longer receiving SSI benefits—whereby Plaintiff agreed to pay Mr. Blair $622.00 a

23  month "if and when" Plaintiff was reinstated on SSI. AR 91. In exchange, the Plaintiff was
allowed to stay in a room Plaintiff had been renting in Mr. Blair's home. AR 91. The SSA

24  argued this was not a bona fide loan agreement and, therefore, constituted income in the form of
ISM.  *See* Dkt. 37, pg. 3-4.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT AND MOTION TO
AMEND THE RECORD - 3

1   award of reduced benefits was correct, because the loan agreement between Plaintiff and Mr.

2   Blair was not a *bona fide* loan and instead constituted income in the form of ISM.  AR 14.

3         Plaintiff's request for review of the ALJ Adams' decision was denied by the Appeals

4   Council on May 6, 2015, making that decision the final decision of the Commissioner of Social

5   Security (the "Commissioner"). *See* AR 2, 20 C.F.R. § 404.981, § 416.1481. On July 1, 2015,

6   Plaintiff filed a Complaint seeking judicial review of the Commissioner's final decision. Dkt. 3.

7   Plaintiff alleges ALJ Adams erred by failing to consider Plaintiff's agreement with Mr. Blair to

8   be a *bona fide* loan, pursuant to *Ceguerra v. Secretary of Health & Human Services*, 933 F.2d

9   735, (9th Cir. 1991). Plaintiff also made a motion to amend the administrative record to include,

10  *inter alia*, ALJ Dilley's decision because the issues before ALJ Adams had previously been

11  decided in Plaintiff's favor by ALJ Dilley. *See* Dkt. 41.

12                     **STANDARD OF REVIEW**

13        Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

14  security benefits only if the ALJ's findings are based on legal error or not supported by

15  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214, n.1 (9th

16  Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is

17  more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable

18  mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747,

19  750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

20                     **DISCUSSION**

21  I.     Plaintiff's Motion to Amend the Record

22        Plaintiff filed 147 pages of additional materials she contends were part of the

23  administrative record in this case, yet were excluded from the certified transcript provided to the

24

1   Court. *See* Dkt. 26, 28, 33. Included in Plaintiff's filings were copies of documents purporting to

2   be ALJ Dilley's written decision, as well as internal notes from the Everett, WA field office and

3   correspondence between Plaintiff's counsel and various administration employees at the Everett,

4   WA field office. *Id.* Plaintiff subsequently moved to amend the administrative record to

5   incorporate these additional materials, and to allow the Court to consider the additional materials

6   when evaluating Plaintiff's claims on the merits. Dkt. 41. Defendant objects to any attempt to

7   amend the administrative record, arguing the Court has no authority to do so. Dkt. 35, 37, 39.

8   The Court agrees with Defendant and concludes it has no authority to amend the administrative

9   record.

10      In Social Security cases, judicial review of an ALJ's decision may only be based "upon

11  the pleadings and transcript of the record." 42 U.S.C. § 405(g). The "transcript of the record,"

12  includes the evidence upon which the findings and decision complained of are based, and,

13  importantly, is filed *by the Commissioner* as part of her answer to Plaintiff's complaint. *Id.* The

14  statute does not provide the Court with a procedure for amending the administrative record on

15  appeal.

16      Plaintiff has failed to provide the Court with authority to support amending the

17  administrative record. Plaintiff argues *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157,

18  1163 (9th Cir. 2012), and *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir.

19  2011) authorize the Court to consider evidence not included in the administrative record. Dkt.

20  38, p. 5. However, the evidence at issue in *Brewes* and *Taylor* was actually included in the

21  administrative record. Both *Brewes* and *Taylor* dealt with evidence which, while not before the

22  ALJ, was considered by the Appeals Council and incorporated into the administrative record

23  (and, by implication, into the certified transcript submitted to the Court). *Brewes*, 682 F.3d. at

24

1   1161, 1163; *Taylor*, 659 F.3d at 1232. Here, unlike in *Brewes* and *Taylor*, the evidence Plaintiff

2   has asked the Court to consider is not in the certified transcript of the record, and the Court has

3   no way of knowing if all or some of the additional documents were before ALJ Adams. [4]

4          Plaintiff also argues Sentence Six of 42 U.S.C. § 405(g) provides authority for the Court

5   to amend an administrative record by remanding a case for "additional evidence to be taken

6   before the Commissioner." Dkt. 41, p. 8 (quoting 42 U.S.C. § 405(g)). However, Sentence Six

7   only authorizes such a remand "upon a showing that there is new evidence which is material and

8   that there is good cause for the failure to incorporate such evidence into the record in a prior

9   proceeding." 42 U.S.C. § 405(g). Plaintiff does not cite, nor can the Court find, any authority

10  which would suggest Plaintiff's evidence is "new" for purposes of Sentence Six. In fact,

11  Plaintiff's main rationale for adding this evidence into the administrative record is that the

12  evidence *was* in the record during a prior proceeding, and *was* before the ALJ.

13         Because the Court has no authority to amend the administrative record, the Court

14  recommends Plaintiff's motion to amend the administrative record be denied.

15  II.     Whether the Administrative Record Permits Meaningful Judicial Review

16         The dispositive issue before the Court is whether Plaintiff's loan agreement with Mr.

17  Blair constitutes an excess resource—an issue which Plaintiff's contends was conclusively

18  decided by ALJ Dilley. Thus, the administrative record must be sufficient to allow the Court an

19  opportunity to make a meaningful review of this issue. An ALJ's decision must be based on

20  substantial evidence in the record as a whole. *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir.

21

22  ────────────────

23         [4] The Court notes one of Plaintiff's proposed documents purports to be a list of exhibits
    which were a part of Plaintiff's file with the SSA at the time she requested her *second* ALJ
24  hearing. Dkt. 33.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT AND MOTION TO
AMEND THE RECORD - 6

1   1999). Social Security Administration regulation specifies what items are included in the

2   administrative record:

3       ***All evidence upon which the administrative law judge relies for the decision
        must be contained in the record, either directly or by appropriate reference***. The
4       official record will include the applications, written statements, certificates,
        reports, affidavits, medical records, and other documents that were used in
5       making the decision under review and any additional evidence or written
        statements that the administrative law judge admits into the record under §§
6       405.320(a) and 405.331. All exhibits introduced as evidence must be marked for
        identification and incorporated into the record. The official record of your claim
7       will contain all of the marked exhibits and a verbatim recording of all testimony
        offered at the hearing; ***it also will include any prior initial determinations or
8       decisions on your claim***.

9   20 C.F.R. § 405.360 (emphasis added). "[M]eaningful review of an administrative decision

10  requires access to the facts and reasons supporting that decision." *Bray v. Comm'r of Soc. Sec.*

11  *Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009). While a court may not have authority to amend the

12  record on its own, "[a] court has the authority to remand a case for further consideration if unable

13  to exercise meaningful or informed judicial review because of an inadequate administrative

14  record." *Hill v. Astrue*, 526 F.Supp.2d 1223, 1228 (D. Kan. 2007) (*citing Harrison v. PPG*

15  *Industries, Inc.*, 446 U.S. 578, 594 (1980)).

16      However, courts do not remand a case in order to make "ministerial correction[s]" to the

17  record. *Edwards v. Astrue*, 2010 WL 2787847, at *3 (D. Kan. 2010). Instead, "[t]he touchstone is

18  whether the administrative record that does exist permits meaningful review." *Id.* at *4. *See also*

19  *Williams v. Barnhart*, 289 F.3d 556, 557-58 (8th Cir. 2002) ("Absent an indication that the

20  missing portion of the transcript would bolster appellant's arguments or prevent judicial review,

21  this Court will not remand a case based upon inaudible portions of the record."); *Parks v. Astrue*,

22  2011 WL 6211003, at *8, n.8 (E.D. Cal. 2011) ("Where the administrative record is incomplete

23  on a dispositive factual issue, the appropriate course of action is to remand the case to the

24

1    Secretary for a new hearing."); *Hill,* 526 F.Supp.2d at 1228 ("[I]f the missing documents are

2    immaterial to the ALJ's decision, or not relied on in his opinion, a remand would not be

3    warranted. . . . However, when the ALJ's findings were derived from the information that the

4    Commissioner failed to include in the record, the court cannot conduct the meticulous

5    examination of the record required by law."). "The plaintiff shoulders the burden of showing that

6    some material evidence was not reported or was so incompletely reported that its effect is

7    obscured." *McGlone v. Heckler*, 791 F.2d 1119, 1120 (4th Cir. 1986).

8           As an example, an incomplete or inaudible transcript of the ALJ hearing can constitute a

9    basis to remand a case under Sentence Four of 42 U.S.C. § 405(g). *See Bianchi v. Secretary of*

10   *Health and Human Services*, 764 F.2d 44 (1st Cir. 1985) (remanding a case pursuant to Sentence

11   Four because the testimony of a consulting medical advisor was "virtually unintelligible").

12   However, where the gaps in the transcript "[do] not interfere with comprehension of the

13   testimony to an extent that would hinder fair review," remand to correct the record is

14   inappropriate. *See Varney v. Secretary of Health and Human Services*, 846 F.2d 581, 583 (9th

15   Cir. 1988), *modified by* 859 F.2d 1396 (9th Cir. 1988).

16          Here, material evidence was not included in the certified transcript of the record. Over the

17   course of this case, three ALJs rendered decisions as to whether Plaintiff had excess resources.

18   The most recent decision, by ALJ Adams, discusses the results reached by the two prior ALJs,

19   Griggs and Dilley. AR 12. The second decision, by ALJ Griggs, also discusses the results

20   reached by ALJ Dilley. AR 18. ALJ Dilley, in turn, was the first ALJ to evaluate questions

21   concerning Plaintiff's excess resources. However, while both ALJ Adams' and ALJ Griggs'

22   decisions are included in the certified transcript of the administrative record, the decision

23   rendered by ALJ Dilley in 2011—along with all of the materials supporting ALJ Dilley's

24

1  decision—were not included in the certified transcript provided to this Court. This omission

2  precludes meaningful judicial review of Plaintiff's claim that the SSA had previously determined

3  Plaintiff's loan agreement with Mr. Blair was not an excess resource.

4          The issue before the Court is whether Plaintiff's agreement with Mr. Blair was a *bona*

5  *fide* loan, or whether Mr. Blair was providing ISM without an expectation of repayment. At ALJ

6  Adams' hearing, Plaintiff's counsel indicated ALJ Dilley had already considered the loan

7  agreement in rendering a decision that Plaintiff did *not* have excess resources from July, 2008

8  through February, 2009. AR 222-25. Plaintiff's counsel also argued the administrative record in

9  this case included ALJ Dilley's decision and its associated documents. *Id.* ALJ Adams and ALJ

10  Griggs both cite to the ALJ Dilley decision, and conclude ALJ Dilley found "the Social Security

11  Administration (SSA) improperly determined that the claimant had excess resources for the

12  period at issue in that case, July 2008 to February 2009." AR 12, 18. ALJ Adams then concludes

13  the issue of whether Plaintiff's agreement was a *bona fide* loan has yet to be decided. AR 12.

14  However, while ALJ Adams and ALJ Griggs rely on ALJ Dilley's decision, neither ALJ Adams

15  nor ALJ Griggs discuss whether ALJ Dilley considered Plaintiff's loan agreement with Mr.

16  Blair. AR 12, 18. ALJ Adams' brief summary of ALJ Dilley's prior decision, without elaboration

17  and without ALJ Dilley's decision or its associated records to give ALJ Adams' summary

18  context, "does not allow the Court to perform the 'meticulous examination of the record required

19  by law.'" *Reynolds v. Colvin*, 2014 WL 5286865, at *7 (N.D. Ind. 2014) (*quoting Hill*, 526

20  F.Supp.2d at 1230).

21          Defendant argues any error in failing to incorporate ALJ Dilley's decision and its

22  associated documents into the record was harmless and does not impair meaningful judicial

23  review. Specifically, Defendant argues ALJ Dilley's decision could not have any issue or claim

24

1   preclusive effect on ALJ Adams' decision, because "ALJ Dilley's decision involved a different

2   time period under review and . . . the decision does [not] [sic] make a finding regarding ISM for

3   the period at issue in ALJ Adams decision[.]" Dkt. 37, p. 8.[5] However, Plaintiff argues ALJ

4   Dilley considered Plaintiff's agreement with Mr. Blair in rendering her decision. AR 222-24.

5   Plaintiff further argues ALJ Dilley concluded Plaintiff did not have any excess resources

6   between July, 2008 and February, 2009 based, in part, on the loan agreement's description of

7   Plaintiff and Mr. Blair's financial relationship. While ALJ Dilley may only have decided the

8   question of whether Plaintiff had excess resources between July, 2008 and February, 2009,

9   Plaintiff argues ALJ Dilley did so by making findings of fact that the loan between Plaintiff and

10  Mr. Blair did not constitute an excess resource.  Thus, to the extent ALJ Dilley found Plaintiff's

11  loan agreement did not constitute an excess resource, such a finding could be preclusive on ALJ

12  Adams for determining whether Plaintiff had a *bona fide* loan. *See Lively v. Secretary of Health*

13  *and Human Services*, 820 F.2d 1391, at 1393 (4th Cir. 1987) (*citing Gavin v. Heckler*, 811 F.2d

14  1195, 1200 (8th Cir. 1987)) ("[C]ourts have readily applied *res judicata* to prevent the

15  [Commissioner] from reaching an inconsistent result in a second proceeding based on evidence

16  that has already been weighed in a claimant's favor in an earlier proceeding.").

17

18  _____

19  [5] Defendant, in essence, asks the Court to come to this conclusion without making the meaningful judicial review required by applicable law. As discussed above, Social Security regulations require all prior decisions and determinations for a claimant to be included in the

20  administrative record before the ALJ. 20 C.F.R. §405.360. It is notable that ALJ Griggs' written decision and associated materials were included in the administrative record as required by 20

21  C.F.R. § 405.360 while ALJ Dilley's decision was not, despite Defendant's argument that neither ALJ Dilley *nor* ALJ Griggs' decisions were relevant to the issues before ALJ Adams. *See, e.g.*,

22  AR 18-20. However, ALJ Griggs explicitly narrowed his ruling to the issue of the value of Plaintiff's patent, while there is nothing in the administrative record to show ALJ Dilley's

23  decision was so limited. That a prior determination which supports Defendant's position is part of the certified record, while a prior determination relied upon by Plaintiff is not, impedes

24  meaningful judicial review.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT AND MOTION TO
AMEND THE RECORD - 10

1    Without ALJ Dilley's decision and its associated records, the Court is unable to perform

2    meaningful judicial review of Plaintiff's claims. Thus, the case should be reversed and remanded

3    to further develop the administrative record ensuring, at a minimum, that all prior determinations

4    and decisions of Plaintiff's claim are included in the certified transcript.

5    III.    Whether Plaintiff's Agreement with Mr. Blair Was a *Bona Fide* Loan

6    Plaintiff argues the ALJ improperly found Plaintiff's agreement with Mr. Blair did not

7    constitute a *bona fide* loan. Because the case must be remanded due to an insufficient

8    administrative record, however, the Court cannot address Plaintiff's arguments on the merits at

9    this time.

10    **CONCLUSION**

11    Based on the above stated reasons and the relevant record, the undersigned recommends

12    this case be reversed and remanded for further proceedings, and to further develop and clarify the

13    contents of the administrative record. The undersigned also recommends the entry of an order

14    denying Plaintiff's motion to amend the record.

15    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

16    fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

17    6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

18    review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

19    imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 29, 2016,

20    as noted in the caption.

21    Dated this 11th day of July, 2016.

22

23

24

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT AND MOTION TO
AMEND THE RECORD - 11